ALBERT WOOD vs. BENJAMIN DEAN.

Suffolk.    November 15, 1895. — April 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Support of Lunatic at State Hospital — Action — Pleading — Defence.*

A defence not set up in the answer, or taken at the trial in the Superior Court, is not open in this court on appeal.

An action may be maintained by the treasurer of a State lunatic hospital upon a written agreement of the defendant to pay for the support therein of a person for whose support he is not by law obliged to pay; and it is no defence that the provisions of Pub. Sts. c. 87, § 40, relating to the discharge of an inmate of such a hospital, and of St. 1885, c. 339, § 3, when the inmate is a dipsomaniac, have not been complied with.

If the declaration in an action is not demurred to, it is not open to the defendant to contend in this court, on appeal, that the declaration does not set out a good cause of action.

A fact which does not give the defendant a right of action cannot be set up as a defence in his answer, to avoid circuity of action.

CONTRACT, by the treasurer of the Worcester Lunatic Hospital, for the support therein of Joseph V. Torrey. The plaintiff demurred to the answer. In the Superior Court the demurrer was sustained, and judgment ordered for the plaintiff; and the defendant appealed to this court. The facts appear in the opinion.

*J. S. Dean,* for the defendant.

*T. H. Gage, Jr. & W. G. Thompson,* for the plaintiff.

LATHROP, J. This is an action of contract, brought by the treasurer of the Worcester Lunatic Hospital. The writ is dated February 24, 1893. The declaration contains two counts. The first count alleges that, on or about April 21, 1891, the defendant entered into a written agreement with the plaintiff as said treasurer, and a copy of the agreement purporting to be signed by the defendant is annexed. So much of the agreement as it is necessary to state is as follows : " In consideration of the admission of Joseph V. Torrey of          , in the county of          , as a patient of the Worcester Lunatic Hospital at Worcester, we, the undersigned, promise to pay to the treasurer of said hospital board at the rate of $5.00 per week; to provide or pay for all

clothing or other things necessary or proper for his health or comfort ; to pay for all damages which he may do to furniture or other property of the hospital ; to pay for reasonable charges in case of elopement, and funeral expenses in case of death ; and to remove him from the hospital whenever the room occupied by him shall be required for a class of patients having preference by law."

The first count further alleges that, at the request of the defendant, Torrey was admitted as a private patient of the hospital on April 3, 1891, and was boarded and cared for therein from April 21 to November 21, 1891, and that during said time, and in reliance on the defendant's said promises, things necessary and proper for his health and comfort were furnished to him by the hospital, according to a bill of particulars annexed ; that certain payments had been made by the defendant on account, as stated in the bill of particulars ; that more than thirty days before the date of the writ a demand had been made in writing by the plaintiff on the defendant for the payments due on said contract, according to the bill of particulars, namely, the sum of ninety dollars ; and that the defendant refused to pay the same. The bill of particulars shows various items on the debit side from April 21 to November 4, 1891, and certain credits, leaving a balance due of $90. There is also an item of interest from November 3, 1891, to the date of the writ, amounting to $2.28.

The second count is on an account annexed, for goods and other things furnished by the plaintiff, at the defendant's request, to Joseph V. Torrey ; and the bill of particulars is referred to.

The answer contains no general denial. It admits that the plaintiff is the treasurer of the Worcester Lunatic Hospital ; that the defendant signed the agreement ; and alleges that it was given for the support of said Torrey in the hospital, in accordance with the provisions of the Pub. Sts. c. 87, § 33, and that it was not executed by the defendant " until long after the commitment of and reception in said hospital of said Torrey." The answer denies that Torrey was admitted to the hospital as a private patient ; that he was admitted at the request of the defendant ; that Torrey was boarded at said hospital ; and that the things furnished to Torrey were furnished to him in reliance upon any promise made by the defendant.

The answer then alleges that one of the sums credited to the defendant in the bill of particulars was paid for the board of Torrey in the hospital for ten weeks and one day, and for certain articles numbered 2 and 3 in the bill of particulars ; that the other sum credited to the defendant was accompanied by a request by the defendant that it be applied to the payment of the charges numbered 4 to 22 in the bill of particulars.

The answer further alleges that on April 21, 1891, Torrey was committed to said hospital by the judge of probate within and for the county of Suffolk, under and by virtue of the St. of 1885, c. 339, there to be kept in accordance with law ; that the trustees of the hospital discharged Torrey from custody illegally, that is to say, first, without giving any notice to any person of the intention of the trustees according to law ; and, secondly, that at the time he was discharged it did not appear probable that he would not continue to be subject to dipsomania, or habitual drunkenness, or that his confinement in the hospital was no longer necessary for the safety of the public, or for his own welfare.

Lastly, the answer alleges that the provisions of the statutes relating to the keeping and discharge of dipsomaniacs from State lunatic hospitals are to be read into and to form a part of the contract set forth in the plaintiff's declaration ; that the illegality of said discharge constituted a breach of a condition precedent by the plaintiff, which prevented recovery in this action ; and that, in consequence of such discharge, Torrey continued to be and was a dipsomaniac and habitual drunkard, and so his confinement was of no value, and there was a failure of consideration for the payment of anything to the plaintiff by the defendant.

To this answer the plaintiff demurred, assigning many causes of demurrer, some to the answer generally, and some to specific portions of the answer. The Superior Court sustained the demurrer, and ordered judgment for the plaintiff ; and the case is before us on the defendant's appeal.

The first point taken by the defendant is, that under the Pub. Sts. c. 87, § 33, this suit should have been instituted by a district attorney in the name of the treasurer. No such defence was set up in the answer, or taken in any form, in the court below, and

it is too late now to raise it, even if such a defence would be any answer under the Pub. Sts. c. 87, § 33, where a contract like the one before us is entered into between the treasurer of the hospital and a person who is not by law obliged to pay the charges for the support of a lunatic.

We do not find it necessary in this case to consider the various questions which are raised by the demurrer to the answer. Many of the allegations of the answer were not insisted upon at the argument. Nor need we consider whether an action upon an account annexed would lie in such a case as this, as we are of opinion that under the first count the plaintiff is entitled to recover, and that the answer sets up no defence. The defendant has argued the case as if he had demurred to the declaration, and he contends that the first count does not set out a good cause of action; but no such question is open to him.

The principal question that arises in the case is presented by that portion of the answer which alleges an illegal discharge of Torrey by the trustees of the hospital, because no notice was given to any person of their intention to discharge him, or that he had been discharged; and, secondly, that at the time he was discharged it did not appear probable that he would not continue to be subject to dipsomania, etc. But the provisions of the statutes referred to, namely, Pub. Sts. c. 87, § 40, and the St. of 1885, c. 339, § 3, must be construed as prescribing rules for the official conduct of the servants of the Commonwealth, and if these trustees have not performed their duty in these respects, it affords the defendant no ground of defence. He is sued upon a contract which does not contemplate Torrey's remaining in the hospital until it appears probable that he will not continue to be subject to dipsomania. On the contrary, the contract contemplates an earlier removal, for it is expressly provided that the defendant shall remove him from the hospital " whenever the room occupied by him shall be required for a class of patients having preference by law." There is nothing in the contract which requires the trustees to give notice to the defendant, and he could not maintain any action against the trustees of the hospital, either for not giving him notice or for not keeping Torrey, until it appeared probable that he would not continue to be subject to

dipsomania. *Quincy Canal* v. *Newcomb*, 7 Met. 276, 283. Not having a right of action, he cannot set up such defences in his answer to avoid circuity of action.

*Judgment for the plaintiff.*